# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6254 | **DATE** | 7/7/2004 |
| **CASE TITLE** | | Negron vs. Ramsey, et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 7/28/04 at 9:30 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order. Defendants' motion for summary judgment [27-1] is granted in part and denied in part. Summary judgment is granted as to defendant Collins and denied as to defendants Gerdes and Jackson. Additionally, because plaintiff has withdrawn the only claim against Kenneth Ramsey, Ramsey is hereby dismissed from this action. Status set for Wednesday July 28, 2004 at 9:30 a.m.

(11) ■ For further detail see order attached to the original minute order.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| ✓ | No notices required. | | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 28 2004 date docketed | 45 |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 7-7-04 date mailed notice | |
| | courtroom deputy's initials | 2004 JUL -9 PM 12: 31 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**JUL 1 2 2004**

JOHN NEGRON,
    Plaintiff

v.

KENNETH RAMSEY, Sheriff of Kane County, NEIL COLLINS, Star #428, M. GERDES, Star #478, and ALBERT JACKSON, Star #426, in their individual capacities as Kane County Sheriff Deputies,

    Defendants.

No. 01 C 6254
Judge Joan B. Gottschall

## MEMORANDUM OPINION AND ORDER

Plaintiff John Negron ("Negron"), a pretrial detainee at Kane County Adult Correctional Facility ("Kane County Jail") at the time of his complaint, has sued several Sheriff Deputies employed at Kane County Jail – Neil Collins ("Collins"), M. Gerdes ("Gerdes"), and Albert Jackson ("Jackson") – based on Gerdes's alleged beating of Negron during an August 7, 1999 confrontation in Negron's cell. Negron alleges that (1) Gerdes used unlawful force against Negron in violation of 42 U.S.C. §1983, and (2) Collins and Jackson are liable under Section 1983 for failing to intervene in the altercation.[1] Before the court is defendants' motion for summary judgment. Defendants argue that Negron's complaint fails as a matter of law because the undisputed facts demonstrate that (a) Gerdes used a permissible, minimum amount of force in response to a physical threat from Negron and (b) Collins and Jackson did not have an opportunity to intervene in the incident. For the reasons

---

[1] Negron has withdrawn his separate state claim for assault and battery (Count II of Negron's complaint). Thus, the court dismisses Count II and addresses the parties' summary judgment arguments with respect to Count I only. Since Count II is the only count that states a claim against Sheriff Kenneth Ramsey, Ramsey is hereby dismissed from this action.

1

below, defendants' motion for summary judgment is granted in part and denied in part. The court denies summary judgment as to defendants Gerdes and Jackson and grants summary judgment as to defendant Collins.

## BACKGROUND

On August 7, 1999, Negron was housed at Kane County Jail as a pretrial detainee. It is undisputed that, at that time, Negron had a history of assaults on corrections officers. Negron was housed in the risk unit and placed on suicide watch. Prisoners assigned to this area of the facility were locked in their respective cells and were not free to wander about the unit.

At the time of the incident, defendants Collins, Gerdes, and Jackson were all Sheriff Deputies serving as corrections officers at Kane County Jail.

Gerdes was the only officer on duty at the risk unit at the time covered by Negron's complaint. As part of his regular duties, Gerdes exchanged blankets and linens for each cell. On the day of the alleged incident, Gerdes performed the exchange for the cells, including Negron's. Gerdes has testified that at approximately 9:45 a.m., he became aware that Negron was flooding his cell. Gerdes does not explain how Negron flooded his cell. While Negron does not dispute that the cell was flooding, he claims that the blanket given to him by Gerdes was wet and thus caused the problem. At some point after becoming aware of the flooding, Gerdes radioed for assistance.[2]

To address the problem, Gerdes entered Negron's cell and instructed Negron to turn around so that he could be handcuffed. Negron complied and proceeded to sit down on his bed as instructed by Gerdes. Gerdes turned his back away from the bed in order to attend to the flooding in the cell. It is undisputed that, at this point, Negron slipped his hands, still handcuffed, under his feet, moving his hands to the front of his body. Gerdes turned around, noticed that Negron's hands were now in

---

[2] The fact that Gerdes radioed for assistance is not disputed. Plaintiff and individual defendants designate different times as to the placement of Gerdes's call.

front of his body and then confronted Negron.

The facts regarding what happened next are in dispute. Gerdes contends that he instructed Negron to return his hands to behind his back. Gerdes testified at his deposition that Negron did not comply and that, consequently, Gerdes was compelled to use physical force in order to meet the threat posed by Negron's potential use of his hands. A struggle ensued between Gerdes and Negron, at the end of which Negron was on the floor of his cell. Gerdes has testified that he used a "minimal" amount of force during the struggle.

Negron's version of events is significantly different. Negron contends that he returned his hands to behind his back at Gerdes's request, but that Gerdes immediately approached him and "struck him in the face with his fist repeatedly." Then, according to Negron, Gerdes grabbed Negron's hair and struck him with his fist again. Gerdes grabbed Negron's legs and dragged him from his bed to the floor, kicked Negron in the ribs and head, and slammed Negron's head into the concrete floor.

Deputy Jackson arrived in Negron's cell at some point during altercation between Gerdes and Negron. Defendants claim that Jackson had no opportunity to see the second part of the altercation because his back was turned. However, Negron testified that Jackson had ample opportunity to witness the altercation between himself and Gerdes, and Jackson testified to seeing "Officer Gerdes, M., No. 478, punch inmate (Negron, J) in the back twice and push his face into the mattress." (Jackson Dep. 45).

It is undisputed that Deputy Collins arrived when Negron was on the floor of his cell, after the altercation had ended. It is also undisputed that Sheriff Ramsey was not present during the altercation and was not personally involved in the incident in any way.

3

After the struggle was over, defendants placed Negron in a restraint chair in his cell. A nurse arrived to examine Negron.

Negron was diagnosed with a nasal fracture, with no notations as to the cause. Gerdes contends that his altercation with Negron was not necessarily the cause of Negron's nasal injury. Negron does not dispute that possibility. He concedes that on May 19, 1999 he was attacked by another inmate, that his nose was broken in this physical exchange as well and that the injuries to his nose discovered after his struggle with Gerdes could have arisen from either altercation. No x-rays were taken following either the May 19 attack or the August 7 incident.

Although there are no medical records regarding the functionality of Negron's nose subsequent to either attack, Negron alleges that he has difficulty breathing out of the left side of his nose. However, he has not requested or received any medical treatment at the Department of Corrections for that alleged injury.

## ANALYSIS

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, the court must view the record and any inferences drawn from it in the light most favorable to the party opposing the motion. *See Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991). The moving party may meet its burden by showing that "there is an absence of evidence to support the nonmoving party's case." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323). The non-moving party may not rest on the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

4

248 (1986). A genuine dispute of material fact is one that would allow a "reasonable jury [to] return a verdict for the non-moving party." *Dorden v. Acevedo*, No. 99 C 4381, 2000 WL 12222193, *2 (N.D. Ill. Aug. 24, 2000) (citing *Anderson*, 477 U.S. at 248).

### *Negron's Claim Against Deputy Gerdes*

Negron alleges that Gerdes used excessive force against him, without adequate provocation. To successfully prosecute a Section 1983 claim based on excessive force, Negron must prove that defendants were "acting under color of state law and that the defendants' conduct violated the plaintiff's rights, privileges, or immunities secured by the constitution or laws of the United States." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Use of excessive force "by prison guards against an inmate without penological justification constitutes cruel and unusual punishment...and is actionable under 42 U.S.C. § 1983." *Dorden*, 2000 WL 12222193 at *6. The "core judicial inquiry" in excessive force cases is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Outlaw*, 259 F.3d at 837 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5). That inquiry turns on a number of different factors, including "the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 1999) (citing *Hudson*, 503 U.S. at 7). Summary judgment is appropriate if there is no dispute of material fact as to whether the alleged incident constitutes a Fourteenth Amendment violation.[3]

However, in this case, the operative facts underlying Negron's claim against Gerdes are in dispute. While Gerdes maintained that he used only "minimal" force, Negron has testified that, immediately after

---

[3] Pretrial detainees are protected by the Fourteenth Amendment from government action that amounts to punishment, rather than the Eight Amendment which applies to convicted prisoners. *Mansoori v. Shaw*, Case No. 99 C 6155, 2001 WL 1356138, *2 (N.D. Ill. Nov. 1, 2001).

5

ordering Negron to place his hands behind his back, Gerdes grabbed Negron's hair, struck him with his fist, dragged him from his bed to the floor, kicked him in the ribs and head, and slammed his head and face into the concrete floor. Those facts, when viewed in the light most favorable to Negron, could allow a reasonable jury to conclude that Gerdes used excessive force in pacifying Negron. Consequently, summary judgment on Negron's excessive force claim is inappropriate.

### *Negron's Claims Against Deputies Jackson and Collins*

Negron's Section 1983 claims against Jackson and Collins are based on their alleged failure to intervene to stop Gerdes's use of excessive force. To obtain damages in a Section 1983 claim against Jackson and Collins, Negron must prove that those defendants were personally responsible for depriving Negron of a Constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). It is well-established that a defendant satisfies the personal responsibility requirement of Section 1983 not only if he affirmatively acts to deprive the plaintiff of a Constitutional right, but also if he "fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982). Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so have been held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citations omitted).

The determination of whether Jackson's and Collins's involvement constitutes a Section 1983 violation hinges on whether (1) Gerdes's actions deprived Negron of a constitutional right, (2) Jackson and Collins had a realistic opportunity to intervene on Negron's behalf to prevent Gerdes's use of excessive force, and (3) Jackson and Collins did not act on that opportunity to intervene.

Plaintiff has failed to create a genuine dispute of material fact as to whether Collins had a realistic opportunity to intervene in the struggle. Although Collins admitted to placing Negron in the restraint chair shortly after the altercation, there is no evidence that Collins was present <u>during</u> the altercation. Gerdes,

Jackson and Collins each testified that Collins did not arrive at Negron's cell until the end of the incident, prior to the retrieval of the restraint chair, but <u>after</u> Gerdes's struggle with Negron. Negron's own testimony supports that account. Negron testified that "when it was all over with, after the beating was over with, is when Officer Neil Collins came...to my cell, and he asked Officer Gerdes what happened." (Negron Dep. 30). Negron has presented no other evidence reflecting that Collins was at the scene of the altercation or otherwise had an opportunity to intervene to stop Gerdes. Since Negron has not presented a dispute of material fact as to Collins's ability to intervene, and the undisputed facts reflect that Collins was not present at the time of the altercation, the court grants summary judgment in favor of defendant Collins.

In contrast, the facts regarding Jackson's ability to intervene <u>are</u> in dispute. Negron testified that Jackson arrived after Gerdes started to beat him. Jackson himself testified that he arrived at Negron's cell in time to witness Gerdes hitting Negron. Jackson testified that he arrived at Negron's cell in time to see Negron lying on his mattress face down with his hands cuffed behind him, with Gerdes standing next to Negron, and then witnessed Gerdes "punch inmate (Negron, J) in the back twice and push his face into the mattress." (Jackson Dep. 45). When viewed in the light most favorable to Negron, the facts could allow a reasonable jury to determine that Jackson arrived at Negron's cell in time to have a realistic opportunity to intervene to prevent Gerdes's conduct. Therefore, summary judgment as to Jackson is inappropriate.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted in part and denied in part. Summary judgment is granted as to defendant Collins and denied as to defendants Gerdes and Jackson.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

July 7, 2004